986 F.2d 1432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie James WILLIAMS, Plaintiff-Appellant,
v.
Stephen D. HALE, Defendant-Appellee.
Willie James WILLIAMS, Plaintiff-Appellant,
v.
Kazimierz W. JANKOWSKI, M.D., Respondent-Appellee.
Willie James WILLIAMS, Plaintiff-Appellant,
v.
Kazimierz W. JANKOWSKI, M.D., Defendant-Appellee.
 Nos. 92-3275, 92-3277 and 92-3278.
 United States Court of Appeals, Tenth Circuit.
 Jan. 22, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Williams, a federal inmate, filed three separate pro se 42 U.S.C. § 1983 actions. The district court found all three to be frivolous and dismissed pursuant to 28 U.S.C. § 1915(d). We grant permission to proceed in forma pauperis, consolidate the appeals, and affirm.
 
 92-3275
 
 3
 In this action Mr. Williams alleged a correctional officer confiscated eleven packages of cigarettes worth $19.14 and asked $50 million in damages.
 
 
 4
 Since there were no allegations that the property was taken wrongfully or in violation of prison regulations, and there was no claim of federal constitutional or statutory dimension stated, the district court dismissed.
 
 
 5
 On appeal, Mr. Williams merely states: "I don't think the court made the right decision" and "I think it was wrongdoing." We note this statement is Mr. Williams' entire appellate brief.
 
 
 6
 Every claim is not entitled to be litigated under § 1983. A § 1983 claim must allege a violation of the United States Constitution or of federal law. There was nothing in Mr. Williams' allegations which would indicate his cigarettes were not confiscated lawfully under prison regulations.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 92-3277
 
 8
 In this 42 U.S.C. § 1983 action Mr. Williams sued Dr. Jankowski for telling him if he stopped taking his medication he would be sent "to Larned." Mr. Williams equated this to forced and unwanted medication.
 
 
 9
 The district court ruled that Mr. Williams wrongfully attempted to characterize as malicious the institutional policy of transferring patients with active psychotic symptoms who refuse medication to the Larned Mental Health Correctional Facility and dismissed.
 
 
 10
 On appeal Mr. Williams merely states: "[He] threatening [me and told me] if [I] don't take medication [he] will send [me] to Larned State Hospital." Again, this is Mr. Williams' entire brief.
 
 
 11
 Mr. Williams misperceives the law. Prison doctors may properly act by transferring inmates to a hospital setting if, in their opinion, such action is warranted. Prison doctors may lawfully inform their patients of these facts. Such information is neither a criminal threat nor the wrongful forcing of unwanted medication.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 92-3278
 
 13
 In this 42 U.S.C. § 1983 action Mr. Williams again sued Dr. Jankowski, this time for telling him he suffered from three psychotic breakdowns. Mr. Williams alleged another doctor told him he found no references to a psychotic breakdown while reviewing Mr. Williams' medical records. The district court ruled this allegation failed to support a constitutional violation.
 
 
 14
 On appeal Mr. Williams asserts he never had a psychotic breakdown "that required hospitalization" and his medical file showed no breakdown. The issue on appeal is not whether Mr. Williams suffered psychotic breakdowns but rather whether he suffered a civil rights violation under § 1983. Accepting the facts as alleged, no such violation is found.
 
 
 15
 Giving Mr. Williams' pro se pleadings every benefit, the most they allege is medical malpractice. Such allegations do not entitle Mr. Williams to relief in a civil rights § 1983 action.
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3